**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TAYLOR MORRISON OF TEXAS, INC.** | § | |
| **and DARLING HOMES OF TEXAS,** | § | |
| **LLC,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **EVANSTON INSURANCE CO.,** | § | |
| *Defendant.* | § | |

## <u>PLAINTIFFS' ORIGINAL COMPLAINT</u>

Plaintiffs Taylor Morrison of Texas, Inc. and Darling Homes of Texas, LLC file their

Original Complaint against Defendant Evanston Insurance Company.

### I. PARTIES

1. Plaintiff Taylor Morrison of Texas, Inc. ("Taylor Morrison"), a Texas corporation with

its principal place of business in Texas, builds and sells homes in Texas.

2. Plaintiff Darling Homes of Texas, LLC ("Darling"), a Texas limited liability company

with its principal place of business in Texas, builds and sells homes in Texas.

3. Defendant Evanston Insurance Company ("Evanston"), an Illinois corporation, is an

eligible surplus lines insurer engaged in the business of insurance in Texas. Evanston's principal

place of business is in Illinois. Evanston's mailing address designated with the Department of

Insurance is 10275 W. Higgins Road, Suite 750, Rosemont, Illinois 60018. Evanston may be served

with process by certified mail transmittal of two copies of this Original Complaint with

accompanying Summons to Evanston's Texas agent for service: Commissioner of Insurance of the

State of Texas, Texas Department of Insurance, Chief Clerk Office, Mail Code GC-CCO, P.O. Box 12030, Austin, Texas 78711-2030.[1] TEX. INS. CODE §§ 804.106, 804.201.

## II. VENUE AND JURISDICTION

3.     There is complete diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000). As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. § 1332(a).

4.     This Court has jurisdiction over Evanston because its contacts in Texas are so continuous and systematic as to render Evanston essentially at home in Texas. This Court further has specific personal jurisdiction because Evanston has purposely availed itself of the privileges of conducting activities in Texas and its contacts in Texas give rise, or are related to, Plaintiffs' claims.

5.     Plaintiffs' claims against Evanston under its liability insurance policies arise from Texas homeowners' residential construction defect claims against Taylor Morrison and Darling as the builders of their homes. The majority of the properties that are the subject of this lawsuit are situated in this judicial district and division. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district and division.

## III. OVERVIEW OF DISPUTE

6.     This is an insurance coverage lawsuit concerning twenty (20) stucco system construction defect claims asserted against Plaintiffs by homeowners in Texas. Plaintiffs

---

[1] Evanston's insurance policies further state that service of process in any suit may made upon Secretary, Legal Department, Markel Midwest, Ten Parkway North, Deerfield, IL 60015. Plaintiffs will transmit a copy of this Original Complaint to the above-listed address in accordance with the policies.

subcontracted with various stucco companies to perform the stucco work on the homes at issue. Pursuant to its subcontractors' contracts with Plaintiffs, each subcontractor agreed to obtain – and did obtain – commercial general liability insurance to protect Plaintiffs against any claims resulting from or in any way arising from each subcontractor's Work as additional insureds for both 'Ongoing Operations' and 'Products/Completed Operations.' These subcontractors all obtained such insurance from Evanston. Although this suit involves different policies and multiple underlying claims, the policy language and underlying allegations are nearly identical in all claims.

7.    Plaintiffs received claims from the following homeowners alleging property damage to their homes:

| Homeowner | Address | Stucco Subcontractor |
|---|---|---|
| 1. Alvin Allen and Hope Diggs | 2838 Rainflower Meadow Ln., Katy, TX 77494 | C-LOS |
| 2. Pablo Barros and Roberto Targino | 4209 Gandara Bend, Bee Cave, TX 78738 | Barker |
| 3. Harrsha and Ajay Bhora | 6307 Windermere Park Ln., Sugar Land, TX 77479 | Ross Masonry |
| 4. Hector Ulpiano Calcedo and Sylvia del Rosario Viveros Espinosa | 6623 Aspley Creek Ln., Sugar Land, TX 77479 | Ross Masonry |
| 5. Son Dang | 9115 Andes Ridge Ln., Richmond, TX 77407 | C-LOS |
| 6. Dwight and Madline Davis | 13227 Whisper Hollow Ln., Houston, TX 77044 | RT Masonry |
| 7. Bijosh Gopi and Samantha Vikram | 27330 Cheshire Edge Ln., Katy, TX 77494 | C-LOS |
| 8. Dennis and Joycelyn Gordon | 14903 Somerset Horizon Ln., Houston, TX 77044 | RT Masonry |

| | | |
|---|---|---|
| 9. Werner and Nohelia Heigl | 28414 Wilson Trace Ln., Fulshear, TX 77441 | RT Masonry |
| 10. Tobias Judd and Tatiana Di | 28527 Hoffman Spring Ln., Fulshear, TX 77441 | Ross Masonry |
| 11. Christopher and Sandra Kroll | 5615 Briscoe Bend Ln., Fulshear, TX 77441 | RT Masonry |
| 12. Pyarali Momin | 4608 Gallego Circle, Austin, TX 78738 | Barker |
| 13. Tsao Ping Ng and Man Yam Yuen | 27203 Ashford Sky Ln., Katy, TX 77494 | C-LOS |
| 14. Tim and Veronica Palmer | 4609 Gallego Circle, Austin, TX 78738 | C-LOS |
| 15. Jay and Kalpana Patel | 2619 Rainflower Meadow Ln., Katy, TX 77494 | C-LOS |
| 16. Manjula and Surya Raguthu | 6303 Kennedy Hills Ct., Sugar Land, TX 77479 | RT Masonry |
| 17. Gus Sosebee | 4213 Gandara Bend, Austin, TX 78738 | Barker |
| 18. Raju Tharimana and Noopur Bali | 6302 Logan Creek Ln., Sugar Land, TX 77479 | RT Masonry |
| 19. Clarissa Thongdara | 8915 Corella Ln., Richmond, TX 77407 | C-LOS |
| 20. Shelby and Linda Turner | 4026 Sabine Valley Trail, Spring, TX 77386 | RT Masonry |

8.      Plaintiffs reported such claims to Evanston and, as an additional insured under the various Evanston policies, requested Evanston's protection and defense against such claims. Evanston has declined to protect and defend Plaintiffs against such claims and, in many cases, has refused to even acknowledge receipt of Plaintiffs' tender. A dispute exists regarding Evanston's duty to defend Plaintiffs against the homeowners' claims pursuant to a liability insurance policy.

## IV. BACKGROUND

### A. The Underlying Claims

9.      Plaintiffs are home builders. Beginning in 2019 (and continuing through as recently as November 2025), the homeowners began to assert construction defect claims against Plaintiffs, alleging a number of problems with the stucco systems in their homes. Plaintiffs timely tendered each of these claims to Evanston. The homeowners filed arbitration proceedings and/or lawsuits against Plaintiffs, alleging that defectively installed stucco systems in their homes caused property damage to other components of their homes. For example, the *Barros* arbitration alleges property damage "not only to the exterior stucco, but also the underlying wire lath, paper backing, water restrictive barriers, sheathing, interior walls, interior floors, walls, framing, windows, trim, insulation, wiring, seal plates, and/or other property." The twenty (20) claims contain nearly identical allegations. The homeowners' allegations of unintended construction defects constitute an "accident" or "occurrence" under each of the Evanston Policies. Further, the allegations of damage to, or loss of use of, the homes constitute "property damage" sufficient to trigger Evanston's duty to defend Plaintiffs under each of the Evanston policies. Taylor Morrison forwarded each lawsuit petition and arbitration demand to Evanston.

### B. The Policies

12.      C-LOS Investment Company, LLC ("C-LOS") was Plaintiffs' stucco subcontractor for seven of the above-identified homes. C-LOS obtained CGL coverage with Evanston for a period covering May 5, 2016 through May 5, 2021 under policy numbers 3C51786, 3C52209, 3C52687, MKLV4PBC000430, and MKLV4PBC001136 (the "C-LOS-Evanston Policies"). Pursuant to its contracts with Plaintiffs, C-LOS named Taylor Morrison and/or Darling as Additional Insureds under the C-LOS-Evanston Policies.

13.    Barker Roofing & Stucco, Inc. ("Barker") was Plaintiffs' stucco subcontractor for three of the above-identified homes. Barker obtained CGL coverage with Evanston for a period covering March 8, 2013 through September 8, 2014 under policy numbers 3DL0670 and 3DQ3059 (the "Barker-Evanston Policies"). Pursuant to its contracts with Plaintiffs, Barker named Taylor Morrison and/or Darling as Additional Insureds under the Barker-Evanston Policies.

14.    R.T. Masonry, Inc. ("RT Masonry") was Plaintiffs' stucco subcontractor for seven of the above-identified homes. RT Masonry obtained CGL coverage with Evanston for a period covering August 19, 2021 through August 19, 2023 under policy numbers MKLV4PBC002059-0 and MKLV4PBC002836-0 (the "RT-Evanston Policies"). Pursuant to its contracts with Plaintiffs, RT Masonry named Taylor Morrison and/or Darling as Additional Insureds under the RT-Evanston Policies.

15.    Ross Masonry, Inc. ("Ross Masonry") was Plaintiffs' stucco subcontractor for three of the above-identified homes. Ross Masonry obtained CGL coverage with Evanston for a period covering December 4, 2018 through December 4, 2022  under policy numbers MKLV4PBC000176, MKLV4PB000829, and MKLV4PBC002278 (the "Ross-Evanston Policies"). Pursuant to its contracts with Plaintiffs, Ross Masonry named Taylor Morrison and/or Darling as Additional Insureds under the Ross-Evanston Policies.

16.    Under each of the above-identified policies, Evanston agreed to "pay those sums that the insured becomes legally obligated to pay as damage because of 'bodily injury' or 'property damage' to which this insurance applies" and further agreed that it "will have the right and duty to defend the insured against any 'suit' seeking those damages." The insurance applies if the bodily injury or property damage: (1) is caused by an occurrence that takes place in the coverage territory, (2) occurs during the policy period, and (3) was not known to the insured prior to the policy period.

The C-LOS-Evanston Policies, Barker-Evanston Policies, RT-Evanston Policies, and Ross-Evanston Policies (collectively, the "Policies") each include products-completed operations coverage for Taylor Morrison and/or Darling. The Policies contain nearly identical policy language.

## V. CAUSES OF ACTION

17.    Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

18.    There is a dispute among the parties as to Evanston's coverage obligations for the underlying claims. Accordingly, Plaintiffs bring this declaratory judgment action under 28 U.S.C. § 2201 seeking judicial resolution of the disagreements and uncertainties regarding the rights and obligations of the parties under the Policies, as set out below.

## Count I

19.    The Policies define the term "property damage" to mean, in relevant part, "[p]hysical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it."

20.    Plaintiffs seek a declaration that the underlying claims involve "property damage" as that term is defined in the Policies.

## Count II

21.    The Policies define the term "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

22.    Plaintiffs seek a declaration that the underlying claims were caused by an "occurrence," as that term is defined in the Policies.

## Count III

23.     Plaintiffs seek a declaration that all of the underlying claims allege that the "property damage" potentially occurred during the applicable policy periods.

## Count IV

24.     Plaintiffs seeks a declaration that Evanston must defend Plaintiffs against the homeowners' claims asserted against them in the following lawsuits and arbitrations:

1) Case No. 01-26-0000-4263; *Alvin Allen and Hope Diggs v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

2) Cause No. D-1-GN-19-008788; *Pablo F. Rego Barros and Roberta Targino v. Taylor Morrison of Texas, Inc.*; in the 459th Judicial District Court of Travis County, Texas;

3) *Pablo F. Rego Barros and Roberta Targino v. Taylor Morrison of Texas, Inc.*; in Private Arbitration;

4) Case No. 01-24-0007-6730; *Harrsha and Ajay Bhora v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

5) Case No. 01-23-0002-2458; *Hector Ulpiano Calcedo Lara and Sylvia del Rosario Viveros Espinosa v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

6) Case No. 01-25-0002-1298; *Son Dang v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

7) Case No. 01-26-0000-4346; *Dwight Davis and Madline Davis v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

8) Case No. 01-25-0000-3692; *Bijosh Gopi and Smitha Vikram v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

9)  Case No. 01-23-0004-1434; *Dennis Gordon and Joycelyn Gordon*; in the American Arbitration Association;

10) Case No. 01-23-0003-3582; *Werner Heigl and Nohelia Maza del Heigl v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

11) Case No. 01-23-0000-9574; *Tobias Judd and Tatiana Di v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

12) Case No. 01-23-0000-9556; *Christopher Kroll and Sandra Kroll v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

13) Cause No. D-1-GN-24-003236; *Pyarali Momin v. Taylor Morrison of Texas, Inc.*; in the 345th Judicial District Court of Travis County, Texas;

14) Case No. 01-25-0002-2422; *Pyarali Momin v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

15) Case No. 01-24-0009-2800; *Tsao Ping Ng and Man Yam Yuen v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

16) Cause No. D-1-GN-20-003708; *Timothy Palmer and Veronica Palmer v. Taylor Morrison of Texas, Inc.*; in the 38th Judicial District Court of Travis County, Texas;

17) Case No. 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-7905; *Kalpana and Jay Patel v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

18) Case No. 01-23-0002-9291; *Manjula and Surya Raguthu v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

19) Cause No. D-1-GN-20-004477; *Gus Sosebee v. Taylor Morrison of Texas, Inc.*; in the 53rd Judicial District of Travis County, Texas;

20) Case No. 01-24-0008-3812; *Raju Tharimana and Noopur Bali v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

21) Case No. 01-25-0002-1301; *Clarissa Thongdara v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association; and

22) Case No. 01-26-0000-4924; *Shelby Turner and Linda Turner v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association.

## Count V

25.    Evanston breached its insurance contracts with Plaintiffs by failing to defend Plaintiffs against the homeowners' claims asserted against them in the following lawsuits and arbitrations:

1)    Case No. 01-26-0000-4263; *Alvin Allen and Hope Diggs v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

2)    Cause No. D-1-GN-19-008788; *Pablo F. Rego Barros and Roberta Targino v. Taylor Morrison of Texas, Inc.*; in the 459th Judicial District Court of Travis County, Texas;

3)    *Pablo F. Rego Barros and Roberta Targino v. Taylor Morrison of Texas, Inc.*; in Private Arbitration;

4)    Case No. 01-24-0007-6730; *Harrsha and Ajay Bhora v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

5)    Case No. 01-23-0002-2458; *Hector Ulpiano Calcedo Lara and Sylvia del Rosario Viveros Espinosa v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

6)    Case No. 01-25-0002-1298; *Son Dang v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

7) Case No. 01-26-0000-4346; *Dwight Davis and Madline Davis v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

8) Case No. 01-25-0000-3692; *Bijosh Gopi and Smitha Vikram v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

9) Case No. 01-23-0004-1434; *Dennis Gordon and Joycelyn Gordon*; in the American Arbitration Association;

10) Case No. 01-23-0003-3582; *Werner Heigl and Nohelia Maza del Heigl v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

11) Case No. 01-23-0000-9574; *Tobias Judd and Tatiana Di v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

12) Case No. 01-23-0000-9556; *Christopher Kroll and Sandra Kroll v. Darling Homes of Texas, LLC*; in the American Arbitration Association;

13) Cause No. D-1-GN-24-003236; *Pyarali Momin v. Taylor Morrison of Texas, Inc.*; in the 345th Judicial District Court of Travis County, Texas;

14) Case No. 01-25-0002-2422; *Pyarali Momin v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

15) Case No. 01-24-0009-2800; *Tsao Ping Ng and Man Yam Yuen v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

16) Cause No. D-1-GN-20-003708; *Timothy Palmer and Veronica Palmer v. Taylor Morrison of Texas, Inc.*; in the 38th Judicial District Court of Travis County, Texas;

17) Case No. 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-7905; *Kalpana and Jay Patel v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

18) Case No. 01-23-0002-9291; *Manjula and Surya Raguthu v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

19) Cause No. D-1-GN-20-004477; *Gus Sosebee v. Taylor Morrison of Texas, Inc.*; in the 53rd Judicial District of Travis County, Texas;

20) Case No. 01-24-0008-3812; *Raju Tharimana and Noopur Bali v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association;

21) Case No. 01-25-0002-1301; *Clarissa Thongdara v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association; and

22) Case No. 01-26-0000-4924; *Shelby Turner and Linda Turner v. Taylor Morrison of Texas, Inc.*; in the American Arbitration Association.

26. Evanston's breach of its insurance contracts has caused injury to Plaintiffs, which has resulted in damages to Plaintiffs.

### V.    CONDITIONS PRECEDENT, ETC.

27. All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Evanston waived and/or is estopped to assert performance of conditions precedent.

28. Plaintiffs assert all claims in the alternative.

### VI. ATTORNEY'S FEES

29. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

30. Plaintiffs are entitled to recover reasonable and necessary attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 38 from Evanston because this is a suit for breach of a written contract against Evanston.

**PRAYER**

WHEREFORE PREMISES CONSDIERED, Plaintiffs pray that the Court enter the declaratory relief sought above, and that Plaintiffs be awarded judgment against Evanston for actual damages, prejudgment and post-judgment interest, court costs, attorneys' fees, and all other relief to which Plaintiffs are entitled.

Respectfully submitted,

*/s/ Jennifer L. Taylor*
Jennifer L. Taylor – Attorney-in-Charge
State Bar No. 24102559
jtaylor@brstexas.com
**Bush Rudnicki Shelton, P.C.**
2508 Ashley Worth Blvd, Suite 200
Austin, Texas 78738
Telephone: (512) 263-8404
Facsimile: (512) 263-2562

**ATTORNEY FOR PLAINTIFFS**